**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 20 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| KYUNNA SIERRA LEONE | : |
| | : CIVIL ACTION FILE |
| Plaintiff | : |
| | : NO. 1-10-CV-3402 |
| vs. | : |
| | : COMPLAINT FOR: |
| GREEN TREE SERVICING LLC | : |
| DYNEX FINANCIAL, INC. | : 1. INJUNCTIVE RELIEF |
| ORIGEN FINANCIAL, LLC. | : 2. WRONGFUL DISPOSSESSORY |
| Defendants | : 3. WRONGFUL FORECLOSURE |
| | : 4. DECLARATORY RELIEF |
| | : 5. ACTUAL FRAUD |
| | : 6. VIOLATION OF TILA |
| | : 7. VIOLATION OF RESPA |
| | : 8. VIOLATION OF FDCP |
| | : 9. INFLICTION OF EMOTIONAL STRESS |
| | :10. SLANDER OF CREDIT |
| | :11. UNFAIR BUSINESS PRACTICES |

**MOTION FOR A TEMPORARY INJUNCTION
AND RESTRAINING ORDER
"JURY TRAIL DEMANDED"**

Comes now the Plaintiff, Kyunna Sierra Leone, Pro Se, who resides in Carroll County Georgia in a Manufactured Home – on private property - as her principal residence and home, relying on and incorporating the decisions in Haines v. Kerner, 404 U.S. 519, show her complaint against the Defendants as follows:

1

## JURISDICTION AND VENUE

1. The Jurisdiction in this action at law is based on 27 U.S.C. 122.(a) for a Temporary Injunction and Restraining Order against GREEN TREE SERVICING LLC., and all others who violate the Constitution of the United States of America, and in particular the 1st, 4th, 7th and 8th Amendment, also known as the Bill of Rights, which incorporated herein this suit at common law. Irreparable injury, loss and damage will result to the Plaintiff if injunction and restraining is not granted.

2. This Court also has jurisdiction invoked under the Federal Rules 65 (b), and the Provisions of the Anti Corruption Act of 1948. There are violations of the Fair Debt Collection Practice Act, 15 U.S.C. §1692, Truth and Lending Act, Real Estate Settlement Procedures Act, and the Civil Rights, which are not limited to denial of due process of law. When the process was due along with denial of trial by juries, as set forth in the Georgia State Constitution, which preserves the right to trial by jury in an action at law and further invoked under 18 U.S.C Sec. §1962, Sec. §1963, and Sec. §1964, whereby

the U.S. District Court for the Northern District of Georgia has jurisdiction to hear this matter, and order restraint upon Defendant and others to protest the status quo in declaring upon the record the courts findings of fact and conclusions of law based upon the current condition of the subject note Defendants refuses to bring to the table.

3. The subject property - $83,712.00 - exceeds qualification for diversity jurisdiction.

## PARTIES

4. The Plaintiff is a American citizen, but considered a citizen of the State of Georgia.

5. The Defendants, Green Tree Servicing, LLC., Origen Financial, LLC, Dynex Financial, Inc., are foreign corporations doing business within the venue of this Northern District of Georgia prior to Plaintiff bringing this action at law.

6. Dynex Services (Docket Number 10086100, Georgia Secretary of State Certificate of Search Attached), and Belgravia Financial Services (Search Attached), were not found in the Secretary of State of the State of Georgia automated database for business entities. These entities are referenced in this case.

7. This Court has jurisdiction over the Parties to issue its findings of fact and conclusions of law, to adjudge and order the relief prayed for herein.

8. Wherefore, this Honorable Court has jurisdiction of the subject matter and the Parties herein; towit the power and authority to amend the Defendant's bad behavior, but protecting the Plaintiff from further injury until such time the genuine original note and complaints may be reviewed at the table of the Court, for good cause shown.

## STATEMENT OF FACTS AND CAUSE FOR SEEKING THIS INJUNCTION AT LAW

9. Plaintiff principal residence and home is located in Carroll County Georgia.

10. Plaintiff resides in a Manufactured Home, which is permanently attached to private property via sold masonry foundation, as required by Carroll County Ordinance, Article III. The private property is named to the Plaintiff. The general rule in Georgia is that personal property which is actually or constructively attached to real property is considered part of the realty so that an interest arises in it under real estate law. See O.C.G.A. 44-1-2; Consolidated Warehouse Co. v. Smith, 55 Ga. App. 216, 189 S.E. 724 (1937).

11. Under Georgia law, a mobile home is initially considered a vehicle which must be given a certificate of title. Ga.Code Ann. 40-3-20 (1982). In Order

to perfect a security interest in a vehicle, <u>the lienor's interest must be noted</u> on the title. GA. Code Ann. 40-3-50(b) (1982.

12. All equity jurisdiction shall be vested in the Superior Courts of the several counties. O.C.G.A 23-1-1

13. On or about February 1997, Plaintiff purchased a Horton Manufactured Home from Sinclair Oconee Realty, Inc.

14. To the best of the Plaintiff's knowledge, the mortgage created by Plaintiff's signature was directed to Belgravia Financial Service (and not Belgravia Financial Services, LLC) and it was based on a I.O.U promise made in good faith.

15. On or about June 10, 1997, Plaintiff received written correspondence from Belgravia Financial Services stating the loan created by Plaintiff on or about February 1997 was sold to Dynex Services (not Dynex Financial, Inc. or Dynex Financial LLC.). No other conformation or verification was received. Without question and being trusting and naive, Plaintiff started making good faith payments to Dynex Services.

16. At some point, without question or inquiry, the Plaintiff started making payments to another company called Origen.

17. In summer of *2008*, Georgia Motor Vehicle Department (MVD) issued the Plaintiff a clear title to the Manufactured Home with no lien holders. In spring of *2010*, Defendant provided false documentation and information to MVD, which moved the MVD to rescind title and place an administrative hold on the title.

18. In summer of 2008, Plaintiff received communication from Green Tree Servicing LLC stating mortgage payments were owed them. Plaintiff had no idea what was going on. Plaintiff had no prior communication with Green Tree Servicing LLC., had never paid a payment to them, nor has the Plaintiff entered into any agreement with them at any time. At that point, Plaintiff had become concerned due to so many mortgage company changes and requested Green Tree Servicing LLC validate their claim and interest in Manufactured Home in question.

19. Defendants are not able to validate their claim, authenticate a *"security interest"* in the matter and therefore, were not the considered the secured party. Code Ann, ss 109A-9-303 and 109A-9-204, a security interest is perfected when it has attached and when a proper filing is made. Defendants are neither able to prove they have a perfected interested in Manufactured

6

Home, henceforth; Defendants filed a claim against Plaintiff in State Court of Carroll County.

20. In the Defendant' limited power of attorney, it states Green Tree Servicing LLC., represent Dynex Financial, Inc., Origen Financial, Inc., Origen Financial LLC and a host of other companies, which is a clever name game that creates a lot of confusion, but the fact is that no where in the Defendants' limited POA do they state they represent *Dynex Services*, which according to the Georgia Secretary of State is an entirely different company from Dynex Financial Inc., Dynex Finanical or Dynex Financial LLC; nor do the Defendants state or show an assignment from *Belgravia Financial Services,* which is the company that made some type of transfer to *Dynex Services*.

21. The Defendants used forged, altered and copied documents to move the lower Courts in its favor. The Courts were noticed re fraud but looked the other way, granting Summary Judgment and Writ of Possession to Defendants based on copies, fraud and altered documents. At no time has the Defendants brought the original, un-altered [1]note forward.

---

[1] Defendants refused to allow review of the security instrument (note) requested by Plaintiff. And as the Plaintiff determination to have the State and Superior Courts declare upon the record what rights and obligations remain under the note, if any, along with the status of that relationship, which would be based upon the current condition of

7

22. On May 20, 2009, a Federal Claim was raised in State Court of Carroll County Georgia. Clearly, upon the record then Defendant gave notice to the court that the note presented was not the original, but was a doctored copy. Notwithstanding, after being noticed of such, the Court accepted into evidence the forged instrument as an original causing Fraud Upon The Court, raising a Federal Claim, and lost the subject matter jurisdiction it believed it had.

23. A counter-claim was brought forth in Superior Court of Carroll County and case was dismissed without hearing or reviewing facts of the matter. Plaintiff was not allowed to present her case before the court. Plaintiff was denied her rights.

24. Plaintiff was denied her continued demand of a jury trial by both State and Superior Courts.

25. The Plaintiff was advised by Congresswomen Marcy Kaptur, to demand the note, and not to leave your home unless they produce the note.

26. For that reason, Plaintiff brought an action in the Superior Court of Carroll County, under the Georgia Code O.C.G.A. 9-4-1 through 9-4-7 against Green Tree Servicing LLC and it was very clear upon the record that the

---

the note versus what the note's condition was upon Plaintiff executing it with blue ink. The plaintiff relied upon the Official Code of Georgia 9-4-1 – 9-4-7, which she was entitled but never received.

Plaintiff brought the action seeking declaratory and injunctive relief she was entitled to.

27. It is clear that the Plaintiff was deprived the right of due process of law and equal protection under the law. Nor did the State and its Officers behave themselves impartially, instead, denying Plaintiff opportunity to explain herself in a meaningful way. The Plaintiff stands now to be homeless and endure additional financial devastation and destruction to her private property, (underground utilities, septic, fencing, landscaping, masonry, etc) on which her principal primary residence and home is permanently fixed, resulting from this intentional fraud.

## THE RELIEF PRAYED FOR

28. The Plaintiff prays that this Honorable Court restrain Defendant from executing its writ of possession until the Defendant can show upon the record that it had standing to sue holding the original note unaltered, maintained in the same condition Plaintiff delivered to Defendant, and produce unaltered documentation.

29. The Plaintiff prays that this Honorable Court bind Defendant, its assigns and agents from any attempt to remove her Manufactured Home, which is her principal primary residence and home, from the private property it sits on, at

201 Mt Calvary Road, Whitesburg, GA 30185 and bind them from trespassing on her private property.

30. That this Honorable Court grants any further relief it deems just and equitable due to the circumstances set forth herein, and based upon the evidence.

## CONCLUSION

31. The Plaintiff is a non-lawyer, and she should not be held to the same standard as a bar attorney whereby she relies upon the landmark case of Hines v Kerner, as she seeks injunctive relief as a matter of right under the Constitution of the United States of America. Wherefore, Plaintiff prayer before this Honorable Court should be deem just and proper.

Respectfully submitted, for I am

_____
Kyunna Sierra Leone
POB 250
Whitesburg, GA 30185
678.596.4757

ENCLOSURES:
Exhibit A: Copy of Original Correspondence from Belgravia Financial Services
Exhibit B: Copy of Original Title Issued by MVD With No Lein-holders
Exhibit C: Motion for a Temporary Injunction and Restraining Order in State
Exhibit D: Copy of Altered Retail Installment Agreement Defendant stated was original
Exhibit E: Copy of Certificate of Search, Dynex Services, Georgia Secretary of State
Exhibit F: Copy of Search of Belgravia Financial Services, Georgia Secretary of State
Exhibit G: Copy of Page 1 Defendants Limited Power of Attorney
Exhibit H: Copy of Signed Order for Writ of Possession by State Court of Carroll County
Exhibit I: Copy of Signed Writ of Possession

## CERTIFICATE OF SERVICE

I, KYUNNA SIERRA LEONE, do hereby certify that I have caused to be served a true and correct copy of the Plaintiff's Motion for Temporary Injunction and Restraining Order, with Jury Trial Demand by Process Server this 20 day of October 2010 at the address below.

Green Tree Servicing LLC
c/o CT Corporation
1201 Peachtree Street
Atlanta, GA 30361

Origen Financial, LLC
c/o Corporate Service Company
40 Technology Pkwy S, #300
Norcross, GA 30092

Respectfully submitted, for I Am

_____
Kyunna Sierra Leone
POB 250
Whitesburg, GA 30185
678.596.4757